WILD HUNTER. The (ELLSWORTH v.). See Case No. 4,411.

---

## Case No. 17,653a.

### Ex parte WILDMAN.[1]

District Court, D. Kansas. July 17. 1876.

JURISDICTION OF COURTS-MARTIAL — DISCHARGED SOLDIERS IN MILITARY PRISONS—CONSTITUTIONAL LAW.

[Act Cong. March 3. 1873 (Rev. St. § 1361), providing that prisoners under confinement in military prisons undergoing sentences of courts-martial shall be liable to trial and punishment by courts-martial for offenses committed during said confinement. is not in conflict with Const. Amend. 5, providing that no person not in the land and naval forces or in the militia shall be held to answer for a capital or otherwise infamous crime unless on a presentment or indictment of a grand jury.]

[Cited in Re Craig. 70 Fed. 971.]

[1] [Not previously reported.]

[At chambers. In the matter of the application of Ira Wildman for a writ of habeas corpus.]

FOSTER, District Judge. The facts in this case are admitted to be as follows: The petitioner, Ira Wildman, was a private soldier in the military service of the United States. In 1874 he was tried by a general court-martial, and sentenced to be dishonorably discharged from the service, and to be imprisoned for eighteen months in the military prison. which time expired on the 20th of June, 1876. In March, 1875. in pursuance of that sentence, he was actually discharged from the service. In August. 1875. while serving his term of imprisonment (after his discharge), he was charged with having conspired with other prisoners. and incited a mutiny, and overpowered the guard, and made his escape. For this offense he was tried by a general court-martial, and found guilty, and sentenced to one year imprisonment after the expiration of his original term. He applies for a discharge from imprisonment on this last sentence on the ground that the court-martial had no jurisdiction to try him, as he was not a soldier, and was not in any manner connected with the land or naval forces of the United States.

The law under which the action of the court is justified is section 1361 of the Revised Statutes, but it is claimed by the petitioner that, in so far as that law is made applicable to a prisoner not connected with the land or naval forces, it is unconstitutional and void. It seems to have been the intention of congress to make the law applicable to all prisoners confined in the military prison, and so the validity of the law comes in question. The courts will not declare a law unconstitutional on a mere doubt, but it must be clearly obnoxious to the powers conferred by the constitution. On the other hand, where there are serious doubts as to the legality of the imprisonment, such doubts should be resolved in favor of the personal liberty of the citizen, and herein I find it a grave and difficult question to solve. The constitution (article 3, § 2) provides: "The trial of all crimes. except in cases of impeachment. shall be by jury." Article 5 of the amendments requires the presentment of a grand jury for capital or otherwise infamous crimes. except in cases arising in the land or naval forces, etc. Article 6 guaranties to the accused the right to a speedy and public trial by an impartial jury. These provisions are clearly applicable to all persons not in any manner connected with the military or naval service of the government.

The question remains: Is the petitioner so connected with the service that he is not entitled to these guaranties. and subject to trial by court-martial? Among the enumerated powers of congress is the power "to

make rules for the government and regulation of the land and naval forces." In pursuance of this power, congress has, in some instances, applied the jurisdiction of military courts to persons not actually in the government service; for instance, to all retainers to the camp, etc., though not enlisted soldiers (article 63); to persons found lurking or acting as spies in or about the fortifications, encampments, etc., in time of war (section 1343). Any person guilty of certain enumerated offenses while in the service of the United States shall still be liable to arrest and trial by court-martial, not withstanding he has received his discharge, or been dismissed from the service. Last clause, art. 60. It would seem from these several provisions that congress, in making rules for the government and regulation of land forces, in certain cases reaches persons not enlisted in the service, but in order to secure discipline and good order, and to protect the public service, have deemed it necessary to bring within the jurisdiction of the military courts several classes of persons holding certain relations to the army, although not really in the military service. Courts-martial are tribunals established and recognized by the law. These courts have power to dismiss the soldier from the government service and impose imprisonment, and the law, in effect, says (section 1361), notwithstanding such dismissal from the service, while the person is held as a military prisoner under such sentence, he shall still be subject to the articles of war and trial by court-martial for offences committed during such confinement. This law was in force when the sentence of dismissal was made, and is not the judgment of the court dismissing the soldier so qualified by the law as to still continue his relations to the service so far as to hold the prisoner subject to military law until his term of imprisonment is fully completed? In other words, the law says, if the soldier is guilty of certain offenses, he shall be tried by a court-martial. That court may dishonorably dismiss him from the service, and may at the same time impose imprisonment, and hold him for punishment; and, further, while he is so held for punishment, his discharge, so granted, shall not relieve him from punishment by court-martial for doing that which is prohibited by the articles of war.

I am not prepared to declare that congress, in making such provisions, exceeded its constitutional powers to make rules for the government and regulation of the forces. The question is one of great importance, involving the validity of the act of congress and the personal liberty of the individual, as also the discipline and management of the military prisons, and I hope this decision may be brought before some higher tribunal for further consideration. The application for a discharge of the prisoner must be denied.